IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel C. Holder, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office et al.,<br><br>    Defendants. | No. CV-05-2856-PHX-MHM (JCG)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff Joel C. Holder was confined in the Maricopa County Estrella Jail in Phoenix, Arizona, when he filed with the Clerk of the Court on September 19, 2005, a *pro se* Civil Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983. Plaintiff has been authorized to proceed *In Forma Pauperis,* and the Court has directed monthly payments to be made from his prison account.

    On April 20, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on May 10, 2006 (Doc. No. 3). The docket indicates that the Clerk of Court mailed the order and service packet accordingly. On April 26, 2006, the mail was returned to the Clerk of the Court with notations indicating "No Longer In Custody" (Doc. No. 5). The docket indicates that the Clerk of the Court researched Plaintiff's address to no avail. Since then, Plaintiff has failed to file a Notice of Change of Address, or in any way to notify the Court of his whereabouts.

- 1 -

1      Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an 2 incarcerated litigant comply with the instructions attached to the Court-approved Complaint 3 form. Those instructions state: "You must immediately notify the clerk . . . in writing of any 4 change in your mailing address. Failure to notify the court of any change in your mailing 5 address may result in the dismissal of your case." (Information and Instructions for a 6 Prisoner Filing Civil Rights Complaint at 2).

7      Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply 8 with the following rules will result in your document being STRUCK and/or your case being 9 DISMISSED" (Doc. No. 2). One of the rules listed was that "[y]ou must file a Notice of 10 Change of Address if your address changes." (*Id.*).

11      Plaintiff has the general duty to prosecute his case. *Fidelity Philadelphia Trust Co.* 12 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the 13 duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her 14 current address, and to comply with the Court's orders in a timely fashion. The Court does 15 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears 16 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.* 17 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of 18 his new address constitutes failure to prosecute.

19      In addition, Plaintiff has failed to return a completed service packet, to obtain waiver 20 of service or to complete service of the Summons and Complaint on Defendants in this case. 21 The order that was mailed to Plaintiff along with the service packet notified Plaintiff that 22 failure to comply with every provision of the order would result in dismissal pursuant to Rule 23 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 3). The order contained provisions 24 that required Plaintiff to return the service packet within 20 days of the date of filing of the 25 order. Plaintiff was also notified that if he failed to comply with the order, the United States 26 Marshal would not provide service of process. Plaintiff was further notified within the order 27 that he must complete service of the Summons and Complaint on the Defendants within 120 28 days of the filing date of the complaint or within 60 days of the filing of the order, whichever

1  was later. The order notified Plaintiff that failure to comply with either provision would
2  result in dismissal of his case. More than 60 days have passed since the order was filed, and
3  to date service has not been completed. Plaintiff's failure to complete service of the
4  Summons and Complaint on the Defendants within 120 days of the filing date of the
5  complaint or within 60 days of the filing of the order also constitutes failure to prosecute.

6  A federal district court has the inherent power to dismiss a case *sua sponte* for failure
7  to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate
8  circumstances, the Court may dismiss a complaint for failure to prosecute even without
9  notice or hearing. *Id*. at 633. In determining whether Plaintiff's failure to prosecute warrants
10 dismissal of the case, the Court must weigh the following five factors: "(1) the public's
11 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
12 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
13 their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,
14 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).
15 "The first two of these factors favor the imposition of sanctions in most cases, while the
16 fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice
17 and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.
18 1990).

19 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's
20 failure to keep the Court informed of his address, actively participate in this case or serve
21 Defendants prevents the case from proceeding in the foreseeable future. The fourth factor,
22 as always, weighs against dismissal. The fifth factor requires the Court to consider whether
23 a less drastic alternative is available.

24 The Court finds that only one less drastic sanction is realistically available. Rule
25 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
26 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
27 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
28 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

1  Procedure.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-05-2856-PHX-MHM.**

DATED this 28th day of June, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge

- 4 -